Florsheim v. Dullaghan.

## Simon Florsheim v. John Dullaghan and James Dullaghan.

1. DAMAGES—*When Less than the Evidence Requires.*—The fact that the damages are less than the evidence shows, can be complained of only by the plaintiff in the action.

2. RESPONDEAT SUPERIOR—*Application of the Rule.*—A person can not contract with another to do an act which necessarily involves the doing of an injury to a third person and escape liability under the plea that there is the intervention of an independent contractor.

3. VERDICTS—*When Not to be Disturbed.*—Although the court may have a strong suspicion that a verdict upon conflicting testimony is not what it ought to be, it can not set it aside unless it is demonstrated that it is against a very strong preponderance of the whole evidence.

**Trespass on the Case,** for damage to goods from dust, etc. Appeal from the Circuit Court of Cook County; the Hon. FRANK BAKER, Judge, presiding. Heard in this court at the March term, 1895. Affirmed. Opinion filed May 16, 1895.

REMY & MANN, attorneys for appellant.

P. O'NEIL BYRNE, attorney for appellees.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

Though we may have a strong suspicion that a verdict of a jury upon conflicting testimony is not what it ought to be,

yet we can not set it aside unless we can demonstrate that it is against a very strong preponderance of the whole evidence. It is useless to recapitulate the evidence in this record to show that we can not disturb the verdict for the appellees.

The case is that the appellees were in possession, lawfully, as we must assume, of one of a row of one-story stores as tenants of the appellant. They were soon to move out. The appellant made a contract with a builder to tear down the buildings and do the mason work for the erection of a seven story row. It is not claimed by the appellees that the contractor disturbed them in the possession of the store they were in, but that in tearing down one adjacent, the effect was to cast dust, mortar and plaster upon delicate goods in their store and seriously injure them.

The contract between the appellant and builder was in writing, and the appellant told the builder to be careful and not to interfere with anybody that occupied any of the buildings.

The appellant claims that the verdict is inconsistent, citing Cook v. Stearns, 28 Ill. App. 511. That the damages awarded being much less than the testimony on the part of the appellees, with no testimony for the appellant upon the subject, estimated the injury, indicated that the verdict was a compromise without any agreement by the jury "upon any material question in the case." That argument is effectually answered in Wolf v. Goodhue Fire Ins. Co., 43 Barbour 400; affirmed without an opinion in 41 N. Y. 620.

That the damages are less than the evidence required can be complained of only by the plaintiffs below.

The instructions given to which the appellant's brief directs our attention, were as follows:

First, at the request of the appellees:

"The jury are instructed that if they believe from the evidence that the defendant let a contract to one John Woodstrom, for the pulling down of certain buildings on Wabash avenue, owned by the said defendant, and if they

believe from the evidence that the natural and necessary consequences of the carrying out of said contract according to its terms would be to damage and injure the property of the plaintiffs, which property you may find from the evidence the plaintiffs, at that time, lawfully had in one of said buildings, then and in that case the fact that the defendant let the work by an independent contract can not release him from liability."

And then at the request of the appellant:

" If the jury believe from the evidence that the defendant told Woodstrom, the contractor, that he must not interfere with the building of plaintiffs, and if they further believe from the evidence that the construction of the building occupied by plaintiffs and of the adjoining buildings was such as to permit the adjoining buildings to be torn down without injuring the building occupied by plaintiffs, if such work should be done in a proper and careful manner, then the jury should find a verdict for the defendant."

It is urged that these instructions are inconsistent; that as the contract was to tear down the four buildings, it, in effect, directed a verdict for the appellees.

Had the builder in fact torn down, in whole or in part, the building in which the appellees were, before they moved out, that instruction would, in effect, have directed a verdict for the appellees.    But that was not alleged.

The question before the jury under the two instructions was, what the builder did do, necessary under the terms of his contract and was it a damage to the appellees.    If so, then the fact " that the defendant let the work by an independent contract " was not a defense.

The appellant's brief admits the general rule of law, saying : " It is not claimed by us that a person can contract with another to do any act which necessarily involves the doing of an injury to a third person and escape liability under the plea that there is the intervention of an independent contractor.    But we insist that where the performance of the contract does not necessarily, or with reasonable certainty, involve injury to the third person the rule of *respondeat superior* does not apply."

Had the verdict been the other way it would have been difficult to justify an instruction that when the rights of parties are fixed by a contract in writing, a parol direction by one of the parties to the other can have any effect either as to third persons or between themselves.

On the whole case there is no error, and the judgment is affirmed.