## The Wabash Railroad Company v. Shelby Curtis.

1. COMMON CARRIER—*when contract of shipment entire.* A contract of shipment is considered to be one entire contract of carriage from the point of shipment to that of destination, notwithstanding it provides that the "responsibility of each carrier" is "to extend hereunder only" to the line of the receiving carrier, where no provision is made by which any other person than the receiving carrier is to choose the connecting carrier and the receiving carrier does, in fact, choose such connecting carrier.

2. COMMON CARRIER—*what essential to bind shipper to restrictions in contract of shipment.* In order that restrictions contained in a bill of lading shall bind the shipper, it is essential that such shipper either by himself, or his agent, at the time of making the contract of shipment knew the terms and conditions of the bill of lading and assented thereto.

3. COMMON CARRIER—*when common law liability of, will be enforced.* The common law liability of a carrier can only be defeated by showing that the shipper, who delivers his goods to the carrier for transportation and pays therefor and who accepts a written contract of such shipment imposing restrictions, knows the contents of the contract and assents to its terms.

4. FREIGHT RATES—*what prima facie evidence of reduction in.* A declaration contained in a bill of lading to the effect that a part of the consideration entering into the agreement of carriage is the reduction of rates, is *prima facie* evidence of such reduction.

5. BILL OF LADING—*authority of agent to assent to restrictions contained in.* If an agent has authority to make a consignment, he also, in law, has authority to consign upon such terms as the carrier would make upon that kind of a shipment, and his act in that regard will bind his principal.

Action on the case. Appeal from the Circuit Court of Vermilion county; the Hon. MORTON W. THOMPSON, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed June 1, 1907.

C. N. TRAVOUS, for appellant.

J. B. MANN and DUNDAS & O'HAIR, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

Shelby Curtis brought suit in the Circuit Court of Vermilion county against the Wabash Railroad Company to recover damages alleged to be due him from the railroad company for the failure upon the part of the company to transport safely and within a reasonable time thirty-six carloads of hogs, shipped by Curtis, from New Salem, Illinois, and various other points in that vicinity to East Cambridge, Massachusetts. There was a verdict and judgment in favor of Curtis in the sum of $2,000 from which the railroad company has appealed.

It appears from the evidence that appellee, through his agents or employes, shipped from various points in Illinois a number of cars of hogs, which were duly consigned to East Cambridge, Massachusetts, over the line of appellant, and that of its connecting carrier, and that upon each shipment appellee received from the company a live stock contract in which the carrier sought to limit its liability to its own line of road and in which it also sought to be released from all liability unless a claim for damages, duly verified, was presented to the home office of appellant within ten days from the time the stock was removed from the cars.

Appellee claimed upon the trial that there was an

unreasonable delay in the transportation of the hogs and that proper care was not given them in transit, whereby he suffered a loss, which appellant should make good to him. Appellant first contends that there can be no liability upon its part in the absence of proof that the stock suffered damages by reason of the negligence of those in charge of the stock while on appellant's line of road. While it is true that the contract of shipment contained the words, "the responsibility of each carrier to extend hereunto only to its own line," yet the contract upon its face was an agreement upon the part of appellant to ship the hogs from the place or places of consignment in Illinois to East Cambridge, Massachusetts. There was no provision in the contract for appellee's choosing or naming in any way such connecting carrier at the eastern terminus of appellant's line of road, or for the delivery of the hogs to appellee at any place other than East Cambridge. Appellant chose its own connecting carrier, without consulting appellee or notifying him that he would be expected to receive the hogs at the connecting point or select the connecting carrier. Under such circumstances the contract will be construed as an entire contract of carriage from point of shipment to destination. Wabash R. R. Co. v. Thomas, 122 Ill. App. 569, 570; affirmed 222 Ill. 337.

Appellant next contends that inasmuch as it appeared from the evidence without contradiction that appellee's agents at the time the contracts in question were signed and accepted by such agents for appellee, could each read and write and were of mature years, and had the means of knowing the contents of the contracts, that it was error upon the part of the trial court to hold and so instruct the jury that appellee was not bound by the terms of such contract unless it was made to appear that he or his agents, at the time of the making of such contracts, knew the terms and conditions of such contracts and had assented thereto.

The trial court was right in its holding upon this

subject. This question is not an open one in our state. C. & N. W. Ry. Co. v. The Calumet Stock Farm, 194 Ill. 9; C., C., C. & St. L. Ry. Co. v. Patten, 203 Ill. 376; The Wabash Railroad Co. v. Thomas, 122 Ill. App. 569, s. c., 222 Ill. 337.

Appellant next assigns as error the giving by the court of appellee's first instruction, which was in the following words:

"The court instructs the jury that before they can consider the terms and conditions of the live stock contract offered in evidence by the defendant, they must believe from the weight of the evidence the following facts: First, that there was a good and lawful consideration given by the defendant to the shipper for the signing of such contract; second, that the shipper, or his agents, knew the terms and conditions of such contracts at the time the same were signed, and that he assented to such terms and conditions; third, that the plaintiff's agent, who signed such contracts, was authorized by the plaintiff to sign the same; and, unless the jury believe that all these facts existed at the time such contracts were signed, they should not consider the same."

The contract involved provided that the rate, viz., thirty cents per cwt., was a reduced rate agreed upon by the parties and that in consideration thereof the shipper assented to the limitations expressed in the contract. Whether or not appellee in fact knew of the terms of the contract and assented thereto was a question of fact for the jury. If under the evidence the jury found that appellee did know of the provisions of the contract declaring that the rate was a reduced one, then such declaration as to rate became at least *prima facie* evidence of a reduction in rates, and, if uncontradicted, afforded a consideration for the limitation expressed. Since there was no evidence in the case tending to dispute the statement in the contract to the effect that the rate was a reduced rate and there was some evidence tending to show appellee's knowledge of the contents of the contract, it was

error to tell the jury that they could not consider the terms of the contract as to such limitation unless there was proof of a consideration given by appellant to the shipper independently of and in addition to the reduction of rates so declared to be a consideration.

It was also error to require the carrier to show that the agent of appellee had express authority from his employer to assent to the terms provided for in the contract of shipment. If the agent had authority to make the consignment, then he also had authority to consign upon such terms as the carrier would make upon that kind of a shipment, and his act in that regard would bind the principal. Brown et al. v. L. & N. R. R. Co., 36 Ill. App. 140; Jennings v. G. T. R. R. Co., 127 N. Y. Reports, 438; Waldron v. Fargo, 52 Hun, 18.

Appellant next contends that no recovery can be had against the carrier upon its common law liability since there was a contract in writing, and suit, if any can be maintained, must be brought upon such written contract. This is a misconception of the law upon that subject. The common law liability of the carrier can only be defeated by showing that the shipper, who delivers his goods to the carrier for transportation and pays therefor and who accepts a written contract of such shipment imposing restrictions, knows the contents of the contract and assents to its terms. The *onus* of proving this contract and such knowledge upon the part of the shipper, is upon the carrier.

For the errors indicated in appellee's first instruction, the judgment is reversed and the cause remanded.

*Reversed and remanded.*