### Henry Plaff, Appellee, v. Pacific Express Company, Appellant.

### Gen. No. 15,025.

1. EXPRESS COMPANIES—*when liable to consignee.* If merchandise has been actually bought and the purchaser become liable to pay therefor, such purchaser, when the seller consigns such merchandise through the medium of an express company, may recover of the express company for the loss thereof, notwithstanding the seller has not pressed the purchaser for payment.

2. EXPRESS COMPANIES—*when consignee not bound by limitations of liability.* A consignee is not bound by limitations of liability contained in a shipping receipt issued to the consignor, such consignor neither having express nor implied authority to waive obligations of the carrier.

3. MEASURE OF DAMAGES—*for loss of merchandise.* In an action by the consignee of merchandise to recover its value, the measure of damages is the value thereof at the time and place of delivery, but a sufficient basis to support a finding by the court is given by evidence, unobjected to, of the cost at retail in the regular course of business at the place of shipment just prior to the shipment.

4. APPEALS AND ERRORS—*when exceptions unavailing.* An exception to an answer is unavailing to question the propriety of such answer, no objection having been made to the question.

5. INTERSTATE COMMERCE ACT—*effect as to relations of consignor and consignee.* The Interstate Commerce Act in no way attempts to regulate or change the law of Illinois as to the relation of a consignor and consignee in interstate shipments; until Congress shall

exercise its power in this respect, the law of the state, whether common or statutory, will govern. It is only a direct regulation of interstate commerce by the states, not a regulation incidentally affecting but not directly burdening it, that is prohibited even in the absence of congressional legislation.

Appeal from the Superior Court of Cook county; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed January 24, 1911.

JOHN GIBSON HALE, for appellant.

C. C. COLLINS and E. S. METCALF, for appellee.

MR. PRESIDING JUSTICE MACK delivered the opinion of the court.

Appellee, a liquor dealer in El Paso, Texas, bought sundry articles from Spaulding & Co., Chicago, for the sum of $538. After the sale, some were sent to the engraving room to be engraved; subsequently they were shipped by Spaulding & Co., addressed to plaintiff at his home, via. Pacific Express Company, the defendant, in accordance with plaintiff's instructions as to the route for shipping.

Defendant offered in evidence the receipt given by the Express Company to Spaulding & Co., containing a clause limiting liability to $50 as the agreed value of the property unless otherwise therein stated. No value was stated at the time of delivery but the evidence as to its knowledge of and assent to this limitation is such that were Spaulding & Co. the plaintiff, recovery would be limited to $50, or under the Ellison case (*infra*) denied.

Evidence offered that plaintiff had not yet paid for the goods and was not being pressed for payment by Spaulding & Co. was rejected.

The only proof of the value of the goods was the purchase price at retail in Chicago. The goods were never delivered to plaintiff.

Plaff v. Pacific Express Co., 159 Ill. App. 493.

The court found for plaintiff and rendered judgment for $538.

It is unnecessary to detail additional facts or to discuss some interesting questions raised on this record, inasmuch as our decision on three questions raised by the foregoing statement, regardless of our views on other points, compels an affirmance of the judgment.

1. As it is uncontradicted that plaintiff actually bought and therefore became liable to and still remains liable to Spaulding & Co. for $538, it is immaterial that he has not yet paid the claim or that this company, regarding itself perhaps as morally if not legally bound to reimburse plaintiff for any loss he may suffer because of the goods having been shipped under such a limited liability receipt, is awaiting the determination of this case, before demanding payment.

2. While the value of the goods at the time and place for delivery is the true measure of damages for breach of an obligation to deliver, nevertheless, as the proof of the cost at retail in the regular course of business at the place of shipment just prior to the shipment was not objected to, it furnished, in this case, a sufficient basis for the finding of the court.

A statement in the bill of exceptions, that counsel excepted, following the answer to a question, to which according to the bill of exceptions, no objection appears to have been made, presents nothing to be passed upon by a reviewing court.

3. The principal controversy, however, is whether, conceding that Spaulding & Co. if it had remained the owner of the goods would have been bound by the limitation of $50 recovery, plaintiff is, therefore, or for any other reason, similarly bound.

Plaintiff's case rested on proof of a delivery to a common carrier for shipment and the failure to deliver. Defendant sought to show a limitation of liability by proof of a contract with plaintiff's agent. To this plaintiff answers that his agent was authorized to ship but not to contract away his common law rights as

shipper, to which defendant replies, 1st, that plaintiff as a liquor dealer in Texas must know that such receipts are customary and therefore must be held to have authorized the shipment in this manner; 2nd, that, in any event, there is a presumption that an agent authorized to ship is authorized to enter into such a contract of shipment as he deems proper; third, that whatever may be the law of Illinois, the Interstate Commerce Act governs this interstate shipment and that by virtue thereof Spaulding & Co.'s contract necessarily binds the plaintiff.

The mere fact that plaintiff is a liquor dealer in Texas is no basis for a presumption either that he knows such receipts to be customary in the liquor business or in the jewelry business; especially in a shipment, not by a wholesaler to a retailer, but by a retailer to a customer for the latter's private use.

Nor is there any basis for presuming, merely from the direction to ship via Pacific Express, that plaintiff authorized Spaulding & Co. to ship under a limited liability obligation. In the absence of proof of a different agreement, either express or implied from the methods of doing business, the agent in such a case would not only be justified but he would be bound to protect his principal's interests instead of waiving them.

In the case of Brown v. L. & N. R. R., 36 Ill. App. 140, followed by Wabash R. R. v. Curtis, 134 Ill. App. 409, in which Merchants Despatch Transportation Company v. Joesting, 89 Ill. 152, was distinguished, the court may have been justified in finding from the course of dealings between the parties that the vendor was in fact authorized to ship as agent for the vendee under a limited liability obligation of the carrier. We cannot doubt, however, on this record that Spaulding & Co. had no such authority, either express or implied.

It is, however, strenuously urged by the appellee that whatever Spaulding & Co.'s actual authority may have been, plaintiff, by authorizing it to ship, gave it

apparent authority to ship in such manner as it deemed best; in other words, that the carrier need not look into the actual authority of the consignor, but may accept the goods, on behalf of the owner and become liable to him, under such a contract of shipment as the consignor is willing to make.

Whatever might be our views on this proposition as an original question, whatever may be the decisions in other jurisdictions, we are concluded by the decision of our Supreme Court in the Joesting case (*supra*). While the decision in that case might have been rested on other grounds, the court did expressly hold that actual authority was essential to bind the consignee. They said, at page 155:

"In this case appellees did not see the shipping receipt, and were not aware that it contained the exception until after the goods passed to appellants. But it is said the merchants of whom the goods were purchased knew of the exceptions when they shipped them. Concede this to be true, and there is no evidence that appellees ever authorized them to make a contract limiting the carrier's liability. In the absence of evidence, the presumption would be that they had only authority to ship them with all the liabilities of the common carrier attaching, without exceptions of any description. So it is seen that appellant has failed to show that appellees ever expressly or by implication assented to the exemption from liability by loss from fire."

The Interstate Commerce Act as construed by our Supreme Court in Ellison v. Adams Express Co., 245 Ill. 410, would prevent Spaulding & Co. from recovering anything from these defendants. This decision, which is the basis of an interesting discussion in 5 Ill. Law Review, pp. 240-243, 311-314, and 372-378, has, however, no bearing upon the question before us.

Whatever liabilities, civil or criminal, Spaulding & Co. may have incurred because of any violation of the Interstate Commerce Act in knowingly shipping goods at an agreed valuation less than the actual value, and

we intimate no opinion as to whether or not they incurred any liability, plaintiff cannot be affected thereby if, as we hold, Spaulding & Co. were not his agents for the purpose of contracting for a limited liability or an agreed valuation less than the real value.    The Interstate Commerce Act in no way attempts to regulate or change the law of Illinois as to the relations of a consignor and consignee in interstate shipments; until the Congress shall exercise its power in this respect, the law of the State, whether common or statutory, will govern.    It is only a direct regulation of interstate commerce by the States, not a regulation incidentally affecting but not directly burdening it, that is prohibited even in the absence of congressional legislation. W. U. T. Co. v. Milling Co., 218 U. S. 406.

As, in our judgment, there was in this case neither direct evidence nor any basis for a presumption that Spaulding & Co. was actually authorized to accept a limited liability contract for the consignee, he is not bound thereby and the defendant became liable to him under its common law liability as a common carrier for the value of the goods.    The judgment will therefore be affirmed.

*Affirmed.*