### George W. Moyers, Appellee, v. Illinois Central Railroad Company, Appellant.

1. CARRIERS, § 247*—*when burden of proof on carrier attempting to avoid common-law liability.* In order to relieve a carrier of its common-law liability for injury to live stock, it has the burden of showing that the shipper accepted the written contract of shipment imposing limitations on its liability, knew the contents thereof, and assented to its terms.

2. ACTION ON THE CASE, § 12*—*when evidence in controversion of matters embodied in special pleas admissible.* Since under the plea of not guilty in an action on the case, the defendant may not only put the plaintiff upon proof of the whole charge contained in the declaration but may also give in evidence any matter in justification or excuse, evidence in controversion of such matters embodied in special pleas is admissible, though no replication by way of confession and avoidance thereof be filed.

3. APPEAL AND ERROR, § 1456*—*when no reversal for irregular introduction of evidence under improper pleadings.* Mere irregularity in the introduction of evidence under improper pleadings will not work a reversal of a case where no injustice has been done.

4. APPEAL AND ERROR, § 420*—*when objection raised on appeal not considered.* An objection raised for the first time on appeal that no replication was filed to special pleas on file in the court below will not be considered.

5. CARRIERS, § 239*—*when cannot limit liability for negligence.* A common carrier cannot limit its liability for negligence in the transportation of live stock.

6. APPEAL AND ERROR, § 1410*—*when finding of jury reversed.* It being the province of the jury to determine what acts do or do

not constitute negligence, a court of appeal will be slow to reverse their finding unless so manifestly against the evidence as to require it.

7. APPEAL AND ERROR, § 1258*—*when defendant cannot complain that damages are inadequate.* The defendant cannot complain that a judgment was for too small an amount.

Appeal from the Circuit Court of Pope county; the Hon. A. W. LEWIS, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed December 1, 1915.

CHARLES DURFEE, for appellant; BLEWETT LEE and W. W. BARR, of counsel.

JOHN W. BROWNING, for appellee.

MR. JUSTICE MCBRIDE delivered the opinion of the court.

The appellee recovered a judgment against the appellant in the Circuit Court of Pope county for three hundred dollars, which appellant seeks to reverse. Appellee, of Golconda, Illinois, purchased of A. F. Hayes of Marissa, Illinois, a jack, and Hayes was to load the jack and cause it to be shipped to appellee, and on April 1, 1913, he loaded the animal into a car on appellant's road at Marissa for transportation. The jack was carried to Carbondale on the 1st day of April and from there to Reevesville, on the 2nd day of April, arriving there in the afternoon but owing to the excessive floods at this time traffic was suspended between this place and Golconda, and no trains were operated from April 2nd to April 10th, and owing to the condition of the floods the agent of appellant at Reevesville unloaded the jack and cared for him until the waters had receded so that trains could be run. On April 10th traffic was again resumed, and the agent caused the jack to be loaded upon the car and in doing so he was assisted by a man by the name of Estes. They led the jack into the stock pens and from there

led him up into the stock chute, which is used for loading animals out of the pens into the cars, and there tied him with a rope of the size of one-half to one inch, and wrapped the rope around a post which is described as being sharp on the edge, and at this time the car had not been set so that the jack could pass from the chute into the car, and as they were switching the engine and cars about for the purpose of getting a car in place the jack in some way became frightened, broke the rope and jumped out of the chute at the end next to the track, which is up a distance of three or four feet from the ground, and in doing so the animal was injured, so much so that it afterwards died. There was nothing placed across the end of the chute to keep the jack from jumping out. The only thing, as witness says, was the rope that he was tied with, and the two men who attempted to keep him back. It was afterwards caught, the car put in position at the chute and the jack was led from the chute into the car and shipped to Golconda. It was noticed at the time the jack was unloaded from the car that he was lame, and he gradually grew worse and died on the 10th day of July, 1913. His knee was much enlarged and he was feverish and out of condition until he died. It was testified that the jack was worth four hundred dollars. Shortly after the jack was received at Golconda, the appellee made application to the agent to put in a bill for damages but the agent on being advised that the jack was not well told appellee to let that matter alone until after they should see whether the jack got better or not. It further appears from the evidence that A. F. Hayes, the man from whom appellee purchased the jack, at the time of loading him in one of the cars was given a contract to sign, which he at first declined to do, but upon being assured by the agent at Marissa that it would have to be signed by him he signed it; and it further appears that this contract was a part of the bill of lading and that it contained a contract

purporting to be between appellant and A. F. Hayes, shipper, stating that the jack was of the value of one hundred dollars and limiting the liability of appellant to one hundred dollars; also that no claim for loss or damage to the stock shall be valid against appellant, unless made in writing, verified by affidavit, and delivered to the agent within ten days from the time the stock was removed from the cars. Said contract also contained a clause providing, that the railroad company should not be liable for any injury, however caused, not resulting from gross negligence of the appellant. That it also contained a further clause that the car containing said jack was to be in charge of the shipper, or its agents while in transit and the shipper assumes the duty of loading and unloading said jack. It appears, however, from the evidence, that when Hayes signed said contract the contents of it was not explained to him and he knew nothing about the matters specified therein.

The declaration of appellee consists of one count and alleges the receipt of the jack by the defendant, to be safely and securely carried from Marissa to Golconda, and there be delivered to plaintiff, and that the defendant did not safely and securely deliver the same but on the contrary so carelessly and negligently behaved itself in the said premises that the said jack became and was injured by the defendant, and on account of said injury became wholly lost to the plaintiff. To this a plea of general issue was filed, and five special pleas. Each of said pleas setting up the contract above mentioned, and the first plea denied liability in a greater amount than one hundred dollars. The second denied liability because appellee had not presented a claim in writing verified by affidavit to appellant or its agents within ten days from the time the stock was removed from the car. The third and fourth special pleas deny liability because the appellant was not guilty of gross negligence in and about

the shipment of the jack. The fifth special plea denies liability because it says that under the terms of said contract the appellant in reloading the jack at Reevesville was acting as the agent of appellee. To these special pleas no replication was filed. Upon the trial of the case objection was made to the testimony of the witness A. F. Hayes concerning the signing of the contract above mentioned, and denying the knowledge of the contents or that the instrument was read over to him or he was in any manner informed of its contents. Also to the admission of the testimony of appellee wherein he states that he had attempted to make a claim for damages and spoke to the agent at Golconda about making the claim. It is contended by counsel for appellant that as the appellant had filed special pleas setting forth the specific matters in said pleas mentioned, respectively, and that as the appellee filed no replication thereto, or did not attempt by replication to confess and avoid these pleas, that the effect of it was simply to deny the matters set forth in the respective pleas, and that he had no right to introduce evidence showing that he did not read or know the contents of the writing, and other similar matters, for the reason that there was no replication and no pleading under which such testimony was admissible. In the argument counsel for appellant states that this evidence should have been stricken from the record, ''For the reason that the contract in question was admitted in evidence, without objection, in support of the special pleas of the defendant, and was conclusive proof of all the matters alleged in said several special pleas, and the only issue upon said several pleas was a simple denial of the facts therein charged. Had the plaintiff filed a special replication to these pleas confessing and avoiding the same, and charged that the plaintiff would not be bound by the matters therein alleged, unless the attention of the shipper had been called thereto, and his assent obtained, such evidence might have been proper, etc.''

It is also insisted by the appellant, that even if the law required the appellant to prove the execution of the contract and that the shipper assented to its provisions, that such proof could not be required in this case because there was no issue made by the pleadings by which that question could be tried, and appellant claims that one case is made by the pleadings and another by the evidence, and that this could not be done. The criticism upon appellee's first, second, third and fourth instructions is along the same line and based upon the fact that no issue is made by the pleadings to support the third and fourth instructions, and no legal evidence introduced to support the second. All of these matters will be considered under the question made by appellant about the effect of the special pleas filed without replications thereto.

As we understand counsel for appellant, they do not deny that under the law the burden is upon appellant to show that the contract referred to as having been signed by the shipper was understood by the shipper, and we understand the law to be that the liability of the carrier can only be defeated by showing that the shipper who delivers his goods to the carrier for transportation and accepts a written contract of such shipment imposes the restrictions of knowing the contents of the contract and assents to its terms. The onus of proving this contract and such knowledge upon the part of the shipper, is upon the carrier. *Wabash R. Co. v. Curtis*, 134 Ill. App. 409; *Wabash R. Co. v. Thomas*, 222 Ill. 337.

It is first insisted by appellant that before it could present the defense that was offered that it was required that it should be specially pleaded and proven, and refers the court to the cases of *Gunton v. Hughes*, 181 Ill. 132, and *Wall v. Chesapeake & O. R. Co.*, 200 Ill. 66; but an examination of these cases will show that the question there arose upon the question of the plea of the statute of limitations, which is in a class

to itself and is not governed by the pleading in the class of cases now under consideration by the court. He also refers and quotes from Chitty, which says: "In actions upon the case the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant, and not of the facts stated in the inducement, and no other defense than such denial shall be admissible under that plea and all matters in confession and avoidance shall be plead specially as in actions of assumpsit." The Supreme Court of this State in passing upon this proposition and quotation from Chitty, says: "The rule at common law is that under the plea of not guilty, in an action on the case, the defendant may not only put the plaintiff upon proof of the whole charge contained in the declaration, but may also give in evidence any justification or excuse. 1 Chitty's Pleading (7th Am. from the 6th London Ed.) 527. The English rule, that 'in actions on the case, the plea of not guilty shall operate as a denial only of the breach of duty or wrongful act alleged to have been committed by the defendant, and not of the facts stated in the inducement,' etc., was adopted by the judges at Hilary term, 4th William IV, * * * 1 Chitty's Pleadings, 737, and has never been adopted by statute in this State." *City of Champaign v. Mc-Murray,* 76 Ill. 353. We are of the opinion that all of the matters set forth in the special pleas were admissible under the plea of not guilty; and being admissible under that plea there could be no error in permitting the appellee to make his explanation of and concerning those special matters. It is said by counsel for appellant that some action should have been taken upon these special pleas, which is true, and a demurrer to these pleas would probably have resulted in the court holding that they were unnecessary. The record discloses that under the pleadings as it existed, both appellant and appellee were permitted to introduce all

of their testimony and that no complaint can be had for that reason, and the most that can be said with reference to the trial, under the pleadings as they were, is that it is a mere irregularity, and we do not believe that where it appears that no injustice has occurred by reason of a mere irregularity of pleading that such irregularity should work a reversal of a case.

We are further of the opinion that the appellant is in no position to complain about the admissibility of this testimony on account of the status of the pleadings, for the reason that the only specific objection made by counsel during the trial was, "On the ground that the matter is embodied in the special contract here in evidence," and nothing was said by counsel to the court about the want of a replication to these special pleas. No objection was made upon that ground during the trial and this objection is made for the first time in this court and we think it comes too late. The court's attention should have been called to the fact that special pleas were on file and no replication filed to them, and given an opportunity to pass upon the question, which was not done. This disposes of the question of the admissibility of evidence and the objections to appellee's instruction.

Appellant also contends that this case should be reversed upon the evidence. The facts as set forth in the statement herein are substantially all of the facts introduced in evidence, and there is no dispute as to the facts, and we think it was a question for the jury to determine whether or not under such facts the jury were warranted in finding that appellant was guilty of such negligence in and about the shipping of this jack as to make it liable for the value thereof. It was the duty of appellant to safely deliver such property at the place to which it was consigned, and it had no power to limit its liability in this respect but was bound by statute so to do.

It is the province of the jury to determine what acts

do and do not constitute negligence, and where they have found that the acts proven do constitute negligence, a court of appeal would be slow to reverse such decision, unless it was so manifestly against the evidence and law as to require a reversal on that account.

Another objection urged, that the verdict of the jury as to the amount of damages is not sustained by the evidence. The evidence shows the value of the jack to be four hundred dollars, while the verdict is only three hundred dollars. We do not believe that appellant can complain or be heard to say that the judgment was for too small an amount. *Becker v. People,* 164 Ill. 267; *Florsheim v. Dullaghan,* 58 Ill. App. 593.

Objection is also made to the refusal of appellant's refused instructions Nos. 11, 12, 13 and 15, but what we have heretofore said with reference to the admissibility of the evidence under the pleadings answers the criticisms made upon these refused instructions. We see no reason why the appellant's refused instruction 14 might not have been given upon the proposition herein contained that the shipper, A. F. Hayes, should be regarded as the agent of the plaintiff and that the plaintiff should be bound by his acts. We think this proposition was fully covered by appellee's instructions 2 and 4, where the jury are advised that it is sufficient if the shipper knew that the conditions were in the bill of lading, and then afterwards referring to him as the agent of the plaintiff; and the jury were plainly advised that it is sufficient to bind the plaintiff if the shipper had knowledge of the restrictions contained in the contract, and this is the important thing sought by refused instruction No. 14 to be impressed upon the minds of the jury. The instructions as given and read to the jury, when taken as a whole, seem to present the law fairly.

After a careful reading of this record and fully considering the questions presented for our determination, we are of the opinion that appellant had a fair

trial, and find no error of such importance as to require a reversal of the case, and the judgment of the lower court is affirmed.

*Judgment affirmed.*